**Leonard A. VERNON, Plaintiff,**

v.

**The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant.**

**No. 95 CIV.4594(PKL).**

United States District Court, S.D. New York.

May 13, 2002.

---

Thomas F. Bello, Esq. P.C., Staten Island, NY, for Plaintiff.

Megan Lee, Esq., The Port Authority of New York and New Jersey, New York City, for Defendant.

### MEMORANDUM ORDER

LEISURE, District Judge.

Plaintiff, Leonard A. Vernon brings this action alleging unlawful employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq* (2001) ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a), (d) (2001) ("ADEA"). Defendant, The Port Authority of New York and New Jersey ("Port Authority") now moves *in limine* for an Order precluding plaintiff from offering evidence at trial concerning prior promotions allegedly denied to him as set forth in paragraphs one through twenty-two of the complaint. For the following reasons, defendant's motion is denied.

This Court previously dismissed with prejudice many of plaintiff's original claims as stated in the complaint because they were time-barred. *See Vernon v. The Port*

*Authority of New York and New Jersey,* 154 F.Supp.2d 844, 860–61 (S.D.N.Y.2001). Specifically, the Court dismissed plaintiff's claims alleging that the Port Authority violated Title VII and the ADEA when it: (1) failed to promote him to a B–94 position in September 1989; (2) failed to promote him to a B–95 position in October 1992; and (3) failed to promote him to Heidi Rosenberg's former position in May 1993. *See id.*

However, in plaintiff's first submitted pre-trial order, he included these same allegations in his version of the "Stipulated Facts" section. *See* Defendant's Motion *in Limine* ("Def's Mot."), dated May 6, 2002, at 1. Although these allegations were deleted in the final form of the pre-trial order filed with the Court, defendant is concerned that plaintiff may seek to introduce evidence at trial regarding these allegations in order to provide "background information" to show a "course of conduct supporting those claims left in the case." Def's Mot. at 1–2.

█ Generally pre-statute of limitations evidence is presumptively inadmissible. *See Franklin v. Consol. Edison Co. of New York, Inc.,* No. 98 Civ. 2286, 2000 WL 1863767, at * 1 (S.D.N.Y. Dec. 19, 2000) ("[P]re-statute of limitations evidence is presumptively inadmissible, so as not to confuse the jury between actionable and non-actionable conduct."). However, the Supreme Court has established that a discriminatory act which is not made the basis of a timely charge, may nonetheless "constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *see Gilani v. Nat'l Assoc. of Secs. Dealers, Inc.,* No. 96 Civ. 8070, 1997 WL 473383, at * 11 (S.D.N.Y. Aug. 19, 1997) (time-barred discriminatory act may constitute relevant

background evidence); *Brown v. City of New York,* 869 F.Supp. 158, 169 (S.D.N.Y. 1994) (same). Nonetheless, the Second Circuit has made clear that this precedent "does not compel the admission of such evidence, but rather affords the trial court discretion to decide whether such evidence is admissible under the ordinary standards of probity and prejudice." *Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1211 (2d Cir. 1993) (affirming exclusion of evidence of time-barred allegations of prior failures to promote); *see Wingfield v. United Technologies Corp.,* 678 F.Supp. 973, 983 (D.Conn.1988) ("Because the alleged acts of discrimination against plaintiff are no longer actionable, evidence of those acts is not admissible unless it makes the existence of discrimination [in the remaining claim] more probable.").

It should be noted that in the Opinion and Order dated August 7, 2001, in addition to the Court finding that plaintiff's allegations occurring before September 25, 1994 were time-barred, the Court also rejected plaintiff's argument that the "continuing-violation exception" should apply. *See Vernon,* 154 F.Supp.2d at 850. Specifically, plaintiff argued that the continuing-violation exception should apply to events that occurred before September 25, 1994 because Krishner had created a "pattern of discrimination." *See id.* at 851 (citing Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, at 9). The Court rejected this rationale and found that there lacked continuity in time of the allegedly discriminatory acts and that there was no evidence of a discriminatory policy or mechanism or that these incidents continued unremedied for so long as to amount to a discriminatory policy or practice. *See id.*

█ Defendant argues that in offering testimony about these time-barred allegations, the plaintiff attempts to circumvent

the Court's previous ruling, rendering it "meaningless." Def's Mot. at 2. The Court, in its discretion, finds that the proffered "background" evidence is not unduly prejudicial under Rule 403 of the Federal Rules of Evidence. *See* Fed.R.Evid. 403 (relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....") Further, the Court finds that the challenged evidence is relevant in that it tends to make the existence of the plaintiff's remaining claims more probable and lends background to plaintiff's theory of the case. *See* Fed.R.Evid. 401.

However, in an effort to ensure the jury is not confused as to which claims are actionable in this case, particularly with regard to defendant's stated concern over the jury's possible confusion in its potential award of compensatory damages, the Court will read, when necessary, an appropriate limiting instruction. Therefore, the plaintiff is hereby ORDERED to submit a proposed limiting instruction regarding this background evidence before the opening statements are presented to the jury.

In addition, the Court reserves the right to alter its decision on the admissibility of specific testimony or documents until the context of the trial renders more apparent whether they are sufficiently relevant and probative. *See Luce v. United States,* 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). (noting that the court's ruling regarding an *in limine* motion is "subject to change when the case unfolds, particularly if the actual testimony differs from what is contained in the [party's] proffer."). This precaution will help ensure both that the jury is not unduly confused between actionable and non-actionable conduct and that the plaintiff receives a fair trial.

Therefore, for the foregoing reasons, the Court hereby DENIES defendant's motion *in limine.*

SO ORDERED.